IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOM KENNANN, et al.,

    Plaintiffs/Appellants,

vs.                                                 Civ. No. 98-1430 BB/LCS
                                                 Bankr. No. 7-96-14099
                                                 Adv. Proceeding No. 97-1034 R

GARY OTTINGER, Chapter 7 Trustee,
et al.,

    Defendants/Appellees.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon Appellee Aline Sims' (Sims) Motion to Dismiss Appeal, as Order Appealed from is Interlocutory and Nonappealable; and Appellants Lack [sic] Standing, filed February 22, 1999. Sims also asserts that certain issues on appeal are premature or unripe for appeal. The matter on appeal in this case is the Amended Partial Summary Judgment, filed October 14, 1998 by the Bankruptcy Court in Adversary Proceeding No. 97-1034 R.

    2. The underlying adversary proceeding originally consisted of four counts: one count against the debtor concerning the fraudulent nature of an annuity purchase; two counts seeking the avoidance of fraudulent property transfers to the Plaintiffs/Appellants (Kennanns) as evidenced by certain deeds and mortgages; and one count against debtor's sons for a fraudulent transfer. The count against the debtor's sons was subsequently dismissed by agreement and a third party complaint was filed against the insurance company issuing the annuity. The Amended

Partial Summary Judgment set aside the transfers to the Kennanns as null and void and unenforceable, "subject to preservation of the avoided lien or transfer for the benefit of the estate." The Bankruptcy Court further stated that it "reserves the question of the transferees' retention of a lien or interest in the property until trial on the merits."

A. Appellate Jurisdiction Over the Amended Partial Summary Judgment

    3. Sims argues that this Court does not have jurisdiction over this appeal because the Amended Partial Summary Judgment is not a final order but is interlocutory in nature. 28 U.S.C. §158 governs this Court's jurisdiction of bankruptcy appeals. It provides in pertinent part:

>  (a) The district courts of the United States shall have jurisdiction to hear appeals
>  (1) from final judgments, order, and decrees;
>  ...
>  (3) with leave of the court, from other interlocutory orders and decrees.

"When ... multiple claims or parties are involved in an action, the finality of an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties must also be determined in light of Federal Rule of Civil Procedure 54(b)." *In re Pan Am Corp.*, 159 B.R. 396, 400 (S.D. N.Y. 1993). Fed. R. Civ. P. 54(b) "provides that absent an express determination that there is no just reason for delay and an express direction for the entry of judgment, an order is not final if it adjudicates fewer than all the claims for relief." *In re Dawson*, 209 B.R. 246, 249 (10th Cir. BAP 1997). In the context of a bankruptcy case, the Tenth Circuit has held that Fed. R. Civ. P. 54(b) "may only be used to permit appeals from orders that finally resolve at least the discrete claim for which review is sought." *Spears v. U. S. Trustee*, 26 F.3d 1023, 1025 (10th Cir. 1994). In this instance, the review sought concerns certain properties transferred to the Kennanns. That review is discrete from the remainder of the adversary

proceeding which concerns an annuity established by the debtor. I, therefore, find that the Kennanns are appealing a discrete claim.

      4. The question then becomes whether that discrete claim has been "finally" resolved. The Amended Partial Summary Judgment reserves the question of whether the Kennanns' retain a lien or interest in the properties until a trial on the merits. The Kennanns argue that this reservation is inconsistent with the Bankruptcy Court setting aside and finding null and void and unenforceable the transfers to the Kennanns. Consequently, the Kennanns contend that the Bankruptcy Court's reservation is not controlling thereby making the Amended Partial Summary Judgment final as to the disposition of the transfers to the Kennanns. "Technically, when a fraudulent transfer of property is avoided and the property is returned to the trustee, the transferee's original claim therein is extinguished by force of [11 U.S.C.] §548(a)...." D. Epstein, S. Nickles, and J. White, 2 *Bankruptcy* §6-50 at 41 (1992). Thereafter, on the basis of 11 U.S.C. §548(c), the transferee may be able to obtain from the Bankruptcy Court "a lien on the property to the extent of the value she gave the debtor." *Id*. *See also In re Cohen*, 199 B.R. 709, 717-18 (9th Cir. BAP 1996)("the Bankruptcy Code makes every fraudulent transfer avoidable and proceeds to protect the interests of the innocent and the unlucky...."). This procedural sequence of determining whether a transfer of property is fraudulent prior to determining any interest or lien by the transferee in that property supports the Bankruptcy Court's decision to determine possible liens and interests by the Kennanns at a later trial. Under these circumstances, I find that the Amended Partial Summary Judgment did not "finally" resolve the issue of the Kennanns' interests in the properties at hand. Having found that the Amended Partial Summary Judgment is not a final order subject to appellate review, the Court must decide whether either of two limited

exceptions to §158(a)(1) apply: the Forgay-Conrad and collateral order doctrines.

<u>The Forgay-Conrad Doctrine</u>

5. The Forgay-Conrad doctrine applies when the party seeking appellate review shows "the possibility of irreparable injury ... if appellate review is delayed until the litigation is over." *In re American Colonial Broad. Corp*, 758 F.2d 794, 803 (1st Cir. 1985). The Kennanns contend that they will be irreparably harmed because the Amended Partial Summary Judgment preserved the avoided lien or transfer for the benefit of the estate. The Kennanns are concerned that the Trustee will dispose of the properties before the Kennanns' interests can be adjudicated. This concern is speculative and unsupported by any indication that the Trustee plans to dispose of property which he knows the Kennanns claim to have an interest in. Since the Kennanns' interests in the avoided transfers have not yet been litigated, I find that no irreparable injury will occur to the Kennanns if this appeal is not allowed. *See Matter of Colonial Mortgage Bankers Corp.*, 134 B.R. 697, 700 (D. P.R. 1991)(Forgay-Conrad principle not applicable where bankruptcy court had determined validity of mortgagee's lien but had not yet decided whether lien should be enforced). Consequently, the Forgay-Conrad doctrine does not apply in this case.

<u>The Collateral Order Doctrine</u>

6. To qualify for the collateral order exception to finality, an order must "'presen[t] a serious and unsettled question.'" *John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489, 1492 n.7 (10th Cir. 1984)(quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982)(citations omitted)). The collateral order exception further requires that an order "'[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from final judgment.'" *State of*

4

*Utah By and Through Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1492 (10th Cir.), *cert. denied*, 513 U.S. 872 (1994) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). In this case, I find that the Kennanns' issues on appeal are not sufficiently "serious" nor do they present a particularly "unsettled" question so as to warrant an application of the collateral order doctrine. Moreover, I find that the Amended Partial Summary Judgment does not conclusively determine the Kennanns' interests in the avoided property because a trial has not yet been held on that issue. Also, the issue of the Kennanns' rights and interests in the property is not completely separate from the merits of the adversary proceeding. After all, the issue of fraudulent transfers is at the heart of the adversary proceeding. Finally, the issue of the Kennanns' property rights will be reviewable once a determination is made at the trial. In sum, I conclude that this Court does not have any kind of "finality" jurisdiction over this appeal.

B. Interlocutory Jurisdiction

7. The Kennanns' response to this motion to dismiss seeks for the first time this Court's permission to file an interlocutory appeal of the Amended Partial Summary Judgment. Under Fed. R. Bankr. P. 8003(c), this Court can treat a timely filed notice of appeal as a motion for leave to file an interlocutory appeal. *See, e.g., In re Kruckenberg*, 160 B.R. 663, 665 (D. Kan. 1993). It follows then that the Court can likewise consider the Kennanns' current request for permission to file an interlocutory appeal. It is, however, within the Court's discretion to hear an interlocutory appeal. *Id*. at 666. An interlocutory appeal can be taken when the order at issue "involves a (1) controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. The Kennanns have the burden of showing these three elements.

5

*In re Blinder, Robinson, & Co., Inc.*, 135 B.R. 899, 901 (D. Colo. 1992).

      8. Clearly, there is a factual dispute over the extent and nature of the Kennanns' interests in the properties at issue. *See* Amended Partial Summary Judgment, filed October 14, 1998. Consequently, this appeal concerns primarily a question of fact, not a controlling question of law. *See In re Hebb*, 53 B.R. 1003, 1006-7 (D. Md. 1985)(appeal based on conclusions of fact is not suited for interlocutory appeal). Additionally, the Kennanns have not provided sufficient evidence for me to conclude that there is a "substantial ground for difference of opinion." Furthermore, an appeal at this time would not materially advance the ultimate termination of the litigation of this matter since a trial on the Kennanns' interests has yet to be held. I, therefore, find that the Kennanns have failed to carry their burden of demonstrating that the Court should allow an interlocutory appeal of the Amended Partial Summary Judgment. Accordingly, I find no reason to permit an interlocutory appeal. I conclude that this Court lacks appellate jurisdiction over this appeal. Since this Court lacks appellate jurisdiction, I find that it is not necessary to address the remainder of Sims' argument in favor of dismissal.

## Recommended Disposition

      I recommend granting the motion to dismiss and dismissing this matter without prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections

are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge